UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ANIKA RENZ and MARY LEACH**, <br><br> Plaintiffs, <br><br> v. <br><br> **LDH PETRO INC. and HARCHARN GARCHA,** <br><br> Defendants. | Cause No. 3:23-cv-00139 |

**PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT**

Plaintiffs, Anika Renz and Mary Leach (referred to as "Plaintiffs" or "Renz" or "Leach", respectively), file their Complaint against LDH Petro Inc. ("LDH") and Harcharn Garcha ("Garcha") (LDH and Garcha are collectively referred to as "Defendants") for Defendants' failure to pay Plaintiffs' overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

Plaintiffs hereby state as follows:

**I. JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Plaintiffs in the Northern District of Indiana; the events or omissions giving rise to the claim occurred in the Northern District of Indiana, and Defendants conduct substantial business in this District.

*THE LAW OFFICE OF
ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **1** of **7**

## II. PARTIES

### A. Plaintiffs

3. Renz and Leach are individuals, United States citizens and residents of the State of Indiana, living in the Northern District of Indiana.

4. Renz and Leach were employed by Defendants beginning in or around 2021 and no longer remain so employed as their employment has been terminated by Defendants.

5. Renz and Leach were employed as retail clerks in the gas station/convenience store of Defendants.

6. During their employments, Renz and Leach worked at least forty (40) or more hours in all given workweeks.

### B. Defendants

7. LDH is an Indiana corporation that operates and conducts business activities in North Manchester, Indiana, operating a gas station/convenience store.

8. At all relevant times, LDH had employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. LDH's gross annual sales volume has been in excess of $500,000.00 per annum at all times material hereto.

10. At all relevant times, LDH employed Plaintiffs.

11. At all relevant times, LDH was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **2** of **7**

12. Garcha was the person utilized by LDH to make business decisions, including those related to employees and their compensation, and, as a result, is liable for payment of wages and damages under the FLSA. At all relevant times, Garcha was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d);

**III. FACTS**

13. Plaintiffs were non-exempt employees as they were not compensated on a salary basis and/or on a salary basis in an amount sufficient to render them exempt from payment of overtime compensation under the FLSA.

14. Renz was paid a purported salary of $500.00 per week. However, if Renz did not work her full schedule for the week, she was subject to a reduction in pay that went directly to the individual covering her hours. For example, when Renz and Leach had another individual employee covering certain hours on the weekend so that they could have some time off, Renz and Leach had their respective $500.00 per week pay reduced.

15. Leach was paid a purported salary of $500.00 per week. However, if Leach did not work her full schedule for the week, she was subject to a reduction in pay that went directly to the individual covering her hours. For example, when Renz and Leach had another individual employee covering certain hours on the weekend so that they could have some time off, Renz and Leach had their respective $500.00 per week pay reduced.

16. Plaintiffs were hired and employed by LDH as clerks entitled to overtime pay.

17. During relevant times, Plaintiffs worked in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiffs one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **3** of **7**

19. During winter months, Defendants' gas station is open from 6:00 a.m. to 10:00 p.m. seven days per week.

20. During these winter months, Defendants required Plaintiffs, the only two workers at the gas station, to split the hours of business between themselves.

21. During the winter months, Leach typically worked from 6:00 a.m. to 1:00 p.m., seven days per week. As a result, Leach worked 49 hours each week during the winter months.

22. During the winter months, Renz typically worked from 1:00 p.m. to 10:00 p.m, seven days per week. As a result, Renz worked 63 hours each week during the winter months.

23. During non-winter months, Defendants' gas station was open an hour longer, until 11:00 p.m. As a result, Defendants required Plaintiffs to cover an additional hour of work time between them.

24. Defendants never paid Plaintiffs any overtime premium for any hours worked over forty (40) in a single workweek.

25. Defendants failure to compensate Plaintiffs, as set forth above, resulted in unpaid overtime.

26. At all times relevant herein, Plaintiffs were employees as defined in the FLSA.

27. LDH has been an "employer" as that term is defined by the FLSA.

28. During relevant times, LDH suffered or permitted Plaintiffs to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times their regular rate as a result of LDH's policies or practices described above that affect Plaintiffs.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **4** of **7**

29. By failing to Plaintiffs an overtime premium of one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, as required by law, Defendants have violated the applicable FLSA provisions.

30. Upon information and belief, Defendants, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the federal wage and hour laws.

31. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein. More specifically, Defendants knew or should have known Plaintiffs were working in excess of forty (40) hours in a workweek because they assigned the work they performed, tracked their performance of this work, and required them to complete documentation detailing their work when it was completed.

32. LDH is in possession and control of necessary documents and information from which Plaintiffs would be able to calculate damages and/or they otherwise failed to keep such records.

## IV. CAUSE OF ACTION

### *FLSA – ACTION FOR UNPAID OVERTIME*

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

35. During the three (3) years preceding the filing of this Complaint, Defendants employed Plaintiffs.

36. Plaintiffs worked in non-exempt positions and were not paid sufficient salary amounts to render them exempt employees.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **5** of **7**

37. Plaintiffs worked in excess of forty (40) hours in workweeks or would have worked in excess of forty (40) hours in workweeks if all of their compensable time worked was recorded and compensated.

38. Defendants violated the FLSA with respect to Plaintiffs by failing to pay overtime for all hours worked over forty (40) hours in a workweek, as more fully described herein.

39. Plaintiffs were not exempt from receiving FLSA overtime benefits.

40. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiffs are entitled.

41. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not otherwise kept by Defendants.

42. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer damages. Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request judgment against LDH and/or Garcha for an Order:

A. Awarding to Plaintiffs unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **6** of **7**

B. Awarding Plaintiffs their costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

C. Awarding Plaintiffs such other and further relief as the Court deems just and proper;

D. Granting Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

E. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever;

F. An Order directing Defendants to pay reasonable attorney's fees and all costs connected with this action; and

J. Such other and further relief as this Court may deem necessary, just, and proper.

THE LAW OFFICE OF ROBERT J. HUNT, LLC

By: /s/Robert J. Hunt
Robert J. Hunt, Attorney No. 30686-49
rob@indianwagelaw.com

By: /s/Robert F. Hunt
Robert F. Hunt, Attorney No. 7889-84
rfh@indianawagelaw.com

ATTORNEYS FOR PLAINTIFF

1905 South New Market Street, Suite 168
Carmel, IN 46032
(317) 743-0614
(317) 743-0615

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **7** of **7**