# Exhibit A

## SETTLEMENT WAIVER AND GENERAL RELEASE AGREEMENT

THIS SETTLEMENT WAIVER AND GENERAL RELEASE AGREEMENT (hereinafter "Agreement") is made and entered into by and between LDH Petro Inc. ("Defendant LDH") and Harcharn Garcha ("Defendant Garcha") (collectively "Defendants") and Anika Renz ("Plaintiff Renz") and Mary Leach ("Plaintiff Leach") (collectively "Plaintiffs") and shall be effective upon the execution by the Defendants ("Effective Date").

## RECITALS

WHEREAS, the Plaintiffs were employed by Defendant LDH with their employment ending on November 14, 2022; and

WHEREAS, following their separation from employment with Defendant LDH, the Plaintiffs filed a Complaint for Violations of the Fair Labor Standards Act in the United States District Court for the Northern District of Indiana, South Bend Division captioned: *Anika Renz and Mary Leach v. LDH Petro Inc. and Harcharn Garcha*, Case No. 3:23-cv-00139-DRL-MGG on February 17, 2023 ("Federal Court Action"); and

WHEREAS, the Defendants deny and continue to deny any fault, wrongdoing or liability to the Plaintiffs with respect to their claims; and

WHEREAS, on February 13, 2024 the parties engaged in mediation with Anthony Stites of the law firm Barrett & McNagny LLP; and

WHEREAS, as a result of mediation, the parties agreed to settle their dispute as evidenced by the Mediation Term Sheet which is attached hereto and made a part hereof as Exhibit A; and

WHEREAS, the parties now desire to fully, completely and finally compromise and settle any and all differences, claims and/or charges between them.

NOW THEREFORE, the parties acknowledge mutual consideration and intending to be legally bound, agree as follows:

1. The parties intend by way of this Agreement to memorialize the terms upon which the Plaintiffs' relationship with the Defendants shall be severed and to fully and finally resolve any and all existing and/or potential disputes arising out of the Plaintiffs' relationship with the Defendants, their employment with Defendant LDH and their separation therefrom, whether filed or unfiled, including without limitation, all claims set forth in the Federal Court Action (Case No. 3:23-cv-00139-DRL-MGG). This Agreement is entered into to save the cost and inconvenience associated with litigating the Federal Court Action. Accordingly, this Agreement shall not be construed as an admission by Defendants of any wrongdoing whatsoever and Defendants specifically disclaim any liability to Plaintiffs on the part of themselves and Defendant LDH's owners, agents and/or employees. Moreover, this Agreement shall not be in any way interpreted to render the Plaintiffs a "prevailing party" for any purpose, including, but not

limited to, an award of attorneys' fees and/or costs under any contract, statute or otherwise.

2.  In consideration of the Defendants' promises set forth herein, the Defendants agree to pay the Plaintiffs the total settlement amount of Ninety Thousand Dollars ($90,000.00). Defendants are to pay the first settlement installment in the amount of Twenty Thousand Dollars ($20,000.00) within thirty (30) calendar days of the Court's approval of this Agreement. Defendants shall then pay thereafter Ten Thousand Dollars ($10,000.00) every thirty (30) calendar days thereafter until the full settlement amount is paid in full. In issuing the settlement payments, checks shall be issued as follows: 1) to Plaintiffs' counsel representing attorneys' fees and costs which amount shall be issued by way of Internal Revenue Service Form 1099; 2) Renz to be allocated as wages/overtime to be issued by way of IRS Tax Form W-2; 3) Renz to be allocated as liquidated damages in accordance with the FLSA to be issued by way of IRS Tax Form 1099; 4) Leach to be allocated as wages/overtime to be issued by way of IRS Tax Form W-2; 5) Leach to be allocated as liquidated damages in accordance with the FLSA to be issued by way of IRS Tax Form 1099. The full distribution of the payments is more specifically set out in Exhibit A to this Agreement. The amounts set forth herein are hereby acknowledged by the Plaintiffs to be in full, final and complete settlement of any monies, liabilities, wages, damages or other obligations owed or alleged to be owed to the Plaintiffs by Defendant Garcha and/or Defendant LDH and its owners, affiliates, directors, employees, officers, attorneys, agents, successors, subsidiaries, parents, affiliates and/or assigns for claims that may have arisen at any time out of the Plaintiffs' employment with Defendant LDH or their separation therefrom including any and all claims for unpaid wages or overtime, from the beginning of time until the Effective Date of this Agreement.

3.  As a material inducement to Defendants to enter into this Agreement, Plaintiffs agrees to dismiss the Federal Court Action (Case No. 3:23-cv-00139-DRL-MGG) with prejudice and hereby irrevocably, unconditionally and generally release, waive, dismiss, acquit and forever discharge, to the fullest extent permitted by law, Defendant Garcha and Defendant LDH and its owners, stockholders, shareholders, predecessors, parents, successors, assigns, agents, subsidiaries, directors, officers, employees, representatives, attorneys, divisions, affiliates (and agents, directors, officers, employees, representatives and attorneys of such divisions, subsidiaries, parents and affiliates), and all persons acting by, through, under or in concert with any of them (collectively "Released Parties"), from any and all complaints (including Plaintiffs' Fair Labor Standards Act overtime dispute), damages, claims, liabilities, causes of action, suits, rights, demands, grievances, costs, losses, debts, wages, overtime, payments, defenses and expenses (including attorneys' fees and costs incurred) of any nature whatsoever, known or unknown, filed or unfiled, which Plaintiffs have or claim to have, from the beginning of time to the Effective Date of this Agreement.

4.  By way of specification but not by way of limitation, Plaintiffs specifically waive, dismiss, release and agree to forego any right or claim that they may now have or may have heretofore had against Defendants and/or against any of the Released

Parties, whether filed or unfiled, under tort, contract or other law, including, but not limited to, claims arising out of or alleging, failure to pay wages, failure to pay commissions/bonuses, failure to pay overtime, failure to pay vacation pay, claims for intentional/negligent infliction of emotional distress, intentional/negligent interference with an at-will relationship, intentional/negligent interference with a contractual relationship, breach of contract, invasion of privacy, fraud, slander, libel, wrongful discharge, retaliation, *Frampton* retaliatory discharge, constructive discharge, wrongful termination, breach of implied covenant of good faith and fair dealing, personal injury, mental distress, mental suffering, damage to reputation, harassment, hostile work environment, theft, conversion, assault, battery, violations of Indiana's Wage Act, I.C. §22-5 *et seq.*, violations of Indiana's Blacklisting Statute, violations of 42 U.S.C. §1981, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as amended by the Civil Rights Act of 1991, violations of the Equal Pay Act, violations of the Americans with Disabilities Act, violations of the Employment Retirement Income Securities Act, violations of the Consolidated Omnibus Budget Reconciliation Act of 1985, violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, violations of the Families First Coronavirus Response Act, violations of the Coronavirus Aid, Relief and Economic Security Act, violations of the Emergency Paid Sick Leave Act, violations of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, violations of the Older Workers Benefit Protection Act, 29 U.S.C. §626, violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, violations of the Worker Adjustment and Retraining Notification Act, violations of the National Labor Relations Act, violations of the Sarbanes-Oxley Act or for any other claim, whatsoever, arising under any federal, state, local or municipal law, statute, ordinance, executive order, rule, regulation, administrative or judicial case law, under common law or the statutory common laws of the United States or the State of Indiana. The claims covered by this paragraph and this Agreement include, but are not limited to any and all claims for wages, severance, bonuses, commissions, overtime, benefits or compensation of any kind as well as claims for liquidated/punitive damages, attorneys' fees, costs or other related expenses. The claims released in this Agreement shall include all claims from the beginning of time to the Effective Date of this Agreement.

5. In addition to the waivers and releases above, Plaintiffs further represent that each specifically understands that the waivers, releases, promises not to sue and dismissal with prejudice of the Federal Court Action (Case No. 3:23-cv-00139-DRL-MGG) contained herein, fully and finally dispose of any and all claims which the Plaintiffs have or may have had against the Defendants or any of the Released Parties for unpaid wages and/or overtime or other violations of the Fair Labor Standards Act ("FLSA"). Accordingly, after full execution of this Agreement, the parties, by way of their counsel, shall file a Joint Motion with the Court seeking approval of this FLSA settlement and this Agreement and upon Court approval, Plaintiffs' FLSA claims shall be dismissed with prejudice.

6. In exchange for the releases described herein, the adequacy and sufficiency of which are hereby acknowledged, Defendants and any and all past or present affiliates, predecessors, parents, subsidiaries and other persons or entities

acting on behalf of Defendants, hereby release and forever discharge Plaintiffs and all heirs, attorneys and assigns of Plaintiffs as well as any other persons or entities acting on behalf of Plaintiffs, jointly and severally, from any and all claims, demands, controversies, actions, causes of action, obligations, liabilities, and damages in law or in equity related to Plaintiffs' employment by Defendants.

7.     Plaintiffs further agree that each will not apply for or otherwise seek employment with Defendant LDH or any of its affiliates, divisions, parents, successors and/or subsidiaries in the future, who may reject, without cause or reason, any application for employment or work submitted by or on behalf of Plaintiffs without liability.

8.     Plaintiffs and Defendant's owners further represent and agree that each will forever keep the terms, amount and fact of this Agreement completely confidential and that they will not hereinafter disclose to anyone any information concerning this Agreement, including but by no means limited to, any past, present or prospective employee or applicant for employment of Defendant LDH. This confidentiality covenant is a material term of this Agreement. Therefore, in the event of a breach this confidentiality covenant, the breaching Party shall pay to the non-breaching Party, as liquidated damages, the amount of Fifteen Thousand Dollars ($15,000.00) plus all litigation related costs including attorneys' fees associated with attempting to recover the liquidated damages set forth herein. In the event any Party is asked about the action at issue, an appropriate response shall be: "The matter has been resolved" or "No comment." It is further understood and agreed by the Parties hereto that in the event of a breach of this confidentiality covenant, damages would be difficult or impossible to ascertain with any reasonable degree of certainty, and therefore, the Parties have agreed that this liquidated damage provision is reasonable and not a penalty. Subject to the foregoing, the Parties may disclose the contents of this Agreement to their legal counsel, spouse, accountant and/or tax advisor on an "as needed" basis only. In addition, it is agreed and understood that it shall not be a violation of this confidentiality covenant for the parties and/or their respective counsel to disclose the contents of this Agreement or otherwise submit this Agreement to the Court as part of the petition to approval settlement.

9.     Plaintiffs further agree that each shall not say, write, post, communicate or do anything that would portray Defendants in a negative light or which may disparage the name, reputation or goodwill of Defendant Garcha and/or Defendant LDH or any of Defendant LDH's owners, officers, directors, employees, suppliers or affiliates.

10.    Defendant's owners further agree not say, write, post, communicate or do anything that would portray Plaintiffs in a negative light or which may disparage the name, reputation or goodwill of Plaintiffs.

11.    Plaintiffs further represent and agree that each will not file or cause to be filed any complaint, charge or claim against Defendants or against any of the Released Parties with any local, state or federal court, the United States Department of Labor or

the Indiana Department of Labor. Plaintiffs also represent that as of the Effective Date of this Agreement, each has not filed a charge or claim with the United States Equal Employment Opportunity Commission ("EEOC"), the Indiana Civil Rights Commission ("ICRC"), or any other civil rights agency. Subject to the foregoing, although this Agreement does not prohibit Plaintiffs from filing an administrative charge with or participating in any investigation conducted by the EEOC, ICRC, or other civil rights agency, should Plaintiffs file any administrative charge after the Effective Date of this Agreement, Plaintiffs agrees that each shall not be entitled to any monetary relief as a result thereof.

12. The Parties represent that each has not heretofore assigned or transferred or purported to assign or transfer to any person or entity any claim released by operation of this Agreement or portion thereof or interest therein.

13. The Parties represent and acknowledge that in executing this Agreement each does not rely and has not relied on any representation or statement made by Defendants or any of the Released Parties with regard to the subject matter, basis or effect of this Agreement or otherwise.

14. Plaintiffs further represent that each specifically understands that the waivers, releases, and promises not to sue contained herein, fully and finally dispose of any and all claims which Plaintiffs have or may have had against Defendants or any of the Released Parties from the beginning of time to the Effective Date of this Agreement and that Plaintiffs enters into this Agreement knowingly and voluntarily after adequate time for consideration and reflection.

15. This Agreement shall be binding upon the Parties and their respective heirs, administrators, representatives, executors, successors and assigns and shall inure to the benefit of the other Party and the Released Parties.

16. This Agreement shall in all respects be interpreted, enforced and governed under the substantive and procedural laws (and not the conflict of law rules) of the State of Indiana. Any dispute arising out of this Agreement shall be heard by either the state court (Superior or Circuit) located in Allen County, Indiana or the United States District Court for the Northern District of Indiana (South Bend Division).

17. Should any part, term or provision of this Agreement be declared or determined to be null, void, inoperative, illegal or invalid for any reason, the validity of the remaining parts, terms or provisions shall not be affected thereby and shall retain their full force and effect, and said null, void, inoperative, illegal or invalid part, term or provision shall be deemed not to be part of this Agreement. The parties each understand and agree that this Agreement may be introduced in litigation should either Party refuse to perform hereunder.

18. As used in this Agreement the singular or plural tenses shall be deemed to include the other whenever the context so indicates or requires. The language of this

Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for or against any of the parties hereto.

17. This Agreement may not be modified except by written agreement signed by all parties hereto.

18. The RECITALS above shall be incorporated into this Agreement.

19. **Agreed Judgment in the Event of Default**

The Plaintiffs and Defendants agree to execute an Agreed Judgment in favor of Plaintiffs and against LDH Petro Inc. and Harcharn Garcha in the amount of $183,205.00 to be held by the Mediator, Anthony Stites of the law firm Barret and McNangny. A copy of this agreement is attached hereto as "Exhibit B." In the event Defendants fail to make any of the payments required by this Agreement within five (5) business days of the due date specified in Exhibit A, Plaintiffs will be permitted obtain the Agreed Judgment from the Mediator and file the Agreed Judgment with the Court and collect the full amount of the judgment, less any settlement proceeds previously paid by Defendants to Plaintiffs. Plaintiffs will be further entitled to any reasonable attorney's fees and costs necessary to enforce this Agreement or judgment.

ACCEPTANCE BY PLAINTIFFS

*Anika Renz*
Anika Renz

Date: 03/04/24

Mary Leach

Date: 03/04/24

ACCEPTANCE BY DEFENDANTS

Harcharn Garcha
Authorized Representative
for and on behalf of
LDH Petro Inc.

Date: 3-5-24

Harcharn Garcha, Individually

Date: 3-5-24

# Exhibit A

## Payment Schedule

**All checks delivered to:**

The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, IN 46032

**Payment 1: Due 30 calendar days after Court Approval and payable as follows:**

a. One check payable to Anika Renz in the amount of $2,659.63, less applicable tax withholdings;

b. One check payable to Anika Renz in the amount of $2,659.62 with no withholdings and treated as 1099 income to Renz;

c. One check payable to Mary Leach in the amount of $2,659.3, less applicable tax withholdings;

d. One check payable to Mary Leach in the amount of $2,659.62 with no withholdings and treated as 1099 income to Leach;

e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $9,361.50 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 2: Due 60 calendar days after Court Approval and payable as follows:**

a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 3: Due 90 calendar days after Court Approval and payable as follows:**

a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 4: Due 120 calendar days after Court Approval and payable as follows:**

a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 5: Due 150 calendar days after Court Approval and payable as follows:**

a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

    c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

    d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

    e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 6: Due 180 calendar days after Court Approval and payable as follows:**

    a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

    b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

    c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

    d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

    e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 7: Due 210 calendar days after Court Approval and payable as follows:**

    a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

    b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

    c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

    d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

    e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

**Payment 8: Due 240 calendar days after Court Approval and payable as follows:**

a. One check payable to Anika Renz in the amount of $1,500.00, less applicable tax withholdings;

b. One check payable to Anika Renz in the amount of $1,500.00 with no withholdings and treated as 1099 income to Renz;

c. One check payable to Mary Leach in the amount of $1,500.00, less applicable tax withholdings;

d. One check payable to Mary Leach in the amount of $1,500.00 with no withholdings and treated as 1099 income to Leach;

e. One check payable to The Law Office of Robert J. Hunt, LLC in the amount of $4,000.00 representing Renz and Leach's claim for attorney's fees and costs.

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANIKA RENZ and MARY LEACH,

    Plaintiffs,

    v.

LDH PETRO INC. and
HARCHARN GARCHA,

    Defendants.

Cause No. 3:23-cv-00139-DRL-MGG

## AGREED JUDGMENT

Plaintiffs Anika Renz and Mary Leach (together "Plaintiffs"), by counsel, and Defendants LDH Petro Inc. and Harcharn Garcha (together "Defendants"), by counsel, (collectively "the Parties") hereby agree to the following: Judgment is ENTERED IN FAVOR OF Plaintiffs and AGAINST Defendants in the amount of $183,205.00 plus all reasonable attorney's fees and costs to enforce this judgment, less any settlement proceeds previously paid by Defendants to Plaintiffs pursuant to the settlement reached by the Parties on February 13, 2024.

Respectfully Submitted,

s/ Robert F. Hunt
Robert F. Hunt (#7889-84)
Robert J. Hunt (#30686-49)
rfh@indianawagelaw.com
rob@indianawagelaw.com

1905 South New Market Street, Ste 168
Carmel, IN 46032

Respectfully Submitted,

s/
Shane C. Mulholland
smulholland@burtblee.com

200 East Main Street, Ste 1000
Fort Wayne, IN 46802

Attorneys for Plaintiffs          Attorney for Defendants

**IT IS SO ORDERED** this _____ day of _____, 202___.

                                            BY THE COURT

                                            _____
                                            Judge, United States District Court
                                            Northern District of Indiana

Distribution to:

All attorneys of record.