UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANIKA RENZ and MARY LEACH, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:23-CV-139 DRL-MGG |
| LDH PETRO INC. and HARCHARN GARCHA, | |
| Defendants. | |

ORDER

Plaintiffs Anika Renz and Mary Leach and Defendants LDH Petro Inc. and Harcharn Garcha filed a joint motion asking the court to approve their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), attaching a copy of the Settlement Agreement as Exhibit 1 to their joint motion, and then to order dismissal of the case following payment [29]. The parties ask the court to close the case administratively until the payment period concludes, leaving the option of an agreed judgment should a default occur before then.

The court assesses this proposed FLSA settlement agreement for fairness. Though this circuit hasn't addressed whether a district court must approve a FLSA settlement, most courts of appeal have required it, and this court and other district courts in this circuit routinely do so. *See Beckwith v. Planet Forward, LLC*, 2019 U.S. Dist. LEXIS 23279, 3 (N.D. Ind. Feb. 13, 2019); *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp.3d 960, 961 n.1 (N.D. Ill. 2016) (citing cases). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp.2d 990, 995 (N.D. Ind. 2010) (quotations and citations omitted). The court normally approves settlement when it results from "contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious

questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (citations and quotations omitted). The court considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendant to withstand a larger judgment; (6) the range of reasonableness of the settlement in light of the best possible recovery; and (7) the range of reasonableness of the settlement in light of all the risks of litigation. *Id.*; *Beckwith*, 2019 U.S. Dist. LEXIS 23279 at 4.

Analysis of the factors supports the reasonableness of the proposed settlement. The parties have exchanged discovery in this case, and they note that both sides have fully evaluated the strengths and weaknesses of their claims. A three-day trial is set for October 2024, so a resolution of this matter would involve months more litigation. The parties are represented by experienced counsel who have negotiated in good faith and at arm's length. The settlement has been reached because of a compromise over disputed issues and evaluations by both sides about the likelihood of success in the claims and the costs of uncertainties and inconveniences in continuing litigation. The plaintiffs agree and signed the settlement agreement. The amount is fair and reasonable taking into account the additional months of litigation that would be required for a trial, the likelihood of success, and uncertainty over how much a jury would award in damages even if they were to succeed. Because discovery has been ongoing, the parties have had realistic opportunities to assess their chances of prevailing at trial. This settlement was reached as a product of contested litigation and reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

Accordingly, the court GRANTS the joint motion [29], APPROVES the Settlement Agreement, ORDERS the parties to submit dismissal paperwork to the court 14 days after final payment, DIRECTS the clerk to close this case administratively pending dismissal paperwork, and

VACATES the final pretrial conference set for October 7, 2024 and the trial set to begin October 22, 2024. The administrative closure may be lifted by further order of the court.

SO ORDERED.

April 5, 2024                              *s/ Damon R. Leichty*
                                           Judge, United States District Court